**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SANFORD I. ATKIN, | ) | CASE NO.  5:07cv3872 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| THE SUPREME COURT OF OHIO, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On December 26, 2007**,** *pro se* plaintiff Sanford I. Atkin filed this action under 42 U.S.C. § 1983 against the Supreme Court of Ohio and Disciplinary Counsel Jonathan E. Coughlin. In the complaint, plaintiff alleges he was permanently disbarred from the practice of law in violation of his Fifth, Sixth and Fourteenth Amendment rights. He seeks a declaration from this court that the order of disbarment is void, and an injunction to prevent its future enforcement.

### Background

Mr. Atkin, a former attorney, was found guilty in federal court of twenty-eight felony counts which arose from a fraudulent scheme pertaining to pornographer, Reuben Sturman. Mr. Atkin accepted $550,000.00 from Mr. Sturman in exchange for his word that the money would be used to bribe United States District Judge George W. White who was presiding over Mr. Sturman's 1989 tax-evasion trial. *See United States v. Atkin*, Case No. 1:94 cr 378 (indictment filed Nov. 4, 1994)(Dowd, J.) Mr. Atkin was

sentenced on September 14, 1995, to sixty-three months of imprisonment and three years of supervised release.

Thereafter, on November 9, 1995, Mr. Atkin was indefinitely suspended him from the practice of law by the Ohio Supreme Court. The Ohio Board of Commissioners on Grievances and Discipline then filed a complaint with the Ohio Supreme Court stating that Mr. Atkin had been convicted of numerous felonies.[1] The matter was set for hearing on March 5, 1998. Mr. Atkin indicates that he was denied the right to subpoena witnesses, to confront witnesses, to present evidence, or to challenge the sufficiency of service. The Ohio Supreme Court permanently disbarred Mr. Atkin on January 13, 1999.

Mr. Atkin filed a Motion to Vacate the disbarment on February 16, 2006. He claimed the defendant had not obtained personal jurisdiction over him as he was never properly served with the complaint against him. He also contended that because he was incarcerated at the time, the defendants' failure to subpoena him for the hearing, resulted in his inability to attend the hearing and his inability to confront witnesses against him. The Motion was denied.

Mr. Atkin reiterates those same arguments in his complaint before this court. He claims that service of the disciplinary complaint was improper under Ohio Civil

---

[1] Mr. Atkin states that the disciplinary complaint alleged "that plaintiff was guilty of numerous violations of misconduct which included all alleged criminal violations of the above criminal case, that has now been recently discovered to be untrue."  (Compl. at 3.) There is no indication on the docket of Mr. Atkin's criminal case, or from any other published or unpublished decision from the Sixth Circuit or the United States Supreme Court which has overturned Mr. Atkin's conviction. In fact, all of his appeals have resulted in the affirming of the conviction.

Procedure Rule 4 and, that without proper service, the judgment upon which it is based is rendered void. He states that he received the notice by mail at his federal prison address. He contends this is not adequate service under the rule. He also states that the defendants did not make attempts to secure his presence at the hearing which prohibited him from presenting a defense. Mr. Atkin asserts therefore that the January 13, 1999 Order permanently disbarring him from the practice of law should be declared void and its execution enjoined.

**Analysis**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to § 1915(e).

United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462,

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

483 n. 16 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562 *2 (6th Cir. Sept. 28, 1999); *see also, Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

       The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.,* 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz,* 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville,* 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or

4

unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id.*; *Tropf*, 289 F.3d at 937.

In the present action, Mr. Atkin's claims directly attack the state court's decision to disbar him. All of the allegations in these causes of action concern specific grievances that the law was incorrectly applied to plaintiff's case, and are clearly predicated on his belief that the state court was mistaken in rendering its decision against him. Moreover, plaintiff requests as relief that the state judgment be declared void and its execution enjoined. Any review of the constitutional claims asserted in this context would require the court to review the state court proceedings against him. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

Furthermore, even if Mr. Atkin could get by the bar of the Rooker-Feldman doctrine, his complaint would still be dismissed. It is apparent on the face of the complaint that the statute of limitations for bringing a § 1983 claim expired before Mr. Atkin filed this action. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). Ohio's two year statute of limitations for bodily injury applies to § 1983 claims. The disbarment order which he disputes was issued in January 1999, well beyond the 2 year statute of limitations period.

## Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal

from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: January 18, 2008

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3]    28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.